☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | **CIVIL COVER SHEET** | CASE NUMBER |
|---|---|---|

| PLAINTIFF<br>Marie Andre | VS. DEFENDANT<br>Armor Correctional Health Services, Inc. | CLOCK IN |
|---|---|---|

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☐ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☐ **Negligence - Other**
  ☐ 097 - Business Governance
  ☐ 098 - Business Torts
  ☐ 099 - Environmental/Toxin Tort
  ☐ 100 - Third Party Indemnification
  ☐ 101 - Construction Defect
  ☐ 102 - Mass Tort
  ☐ 103 - Negligent Security
  ☐ 104 - Nursing Home Negligence
  ☐ 105 - Premises Liability - Commercial
  ☐ 106 - Premises Liability - Residential
  ☐ 107 - Negligence - Other
☐ **Real Property/Mortgage Foreclosure**
  ☐ 108 - Commercial Foreclosure $0 - $50,000
  ☐ 109 - Commercial Foreclosure $50,001 - $249,999
  ☐ 110 - Commercial Foreclosure $250,000 - or more
  ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
  ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 113 - Homestead Residential Foreclosure $250,000 or more
  ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
  ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
  ☐ 117 - Other Real Property Actions $0 - $50,000
  ☐ 118 - Other Real Property Actions $50,001 - $249,999

  ☐ 119 - Other Real Property Actions $250,000 or more
☐ **Professional Malpractice**
  ☐ 094 - Malpractice - Business
  ☐ 095 - Malpractice - Medical
  ☐ 096 - Malpractice - Other professional
☒ **Other**
  ☐ 120 - Antitrust/Trade Regulation
  ☐ 121 - Business Transactions
  ☐ 122 - Constitutional Challenge - Statute or Ordinance
  ☐ 123 - Constitutional Challenge - Proposed amendment
  ☐ 124 - Corporate Trust
  ☒ 125 - Discrimination - Employment or Other
  ☐ 126 - Insurance Claims
  ☐ 127 - Intellectual Property
  ☐ 128 - Libel/Slander
  ☐ 129 - Shareholder Derivative Action
  ☐ 130 - Securities Litigation
  ☐ 131 - Trade Secrets
  ☐ 132 - Trust Litigation
☐ **133 - Other Civil Complaint**
  ☐ 009 - Bond Estreature
  ☐ 014 - Replevin
  ☐ 024 - Witness Protection
  ☐ 080 - Declaratory Judgment
  ☐ 081 - Injunctive Relief
  ☐ 082 - Equitable Relief
  ☐ 083 - Construction Lien
  ☐ 084 - Petition for Adversary Preliminary Hearing
  ☐ 085 - Civil Forfeiture
  ☐ 086 - Voluntary Binding Arbitration
  ☐ 087 - Personal Injury Protection (PIP)

A TRUE COPY
CERTIFICATION ON LAST PAGE

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

REMEDIES SOUGHT (check all that apply):

☒     monetary;

☒     non-monetary declaratory or injunctive relief;

☐     punitive

NUMBER OF CAUSES OF ACTION: [    ]
(specify) Discrimination on basis of national origin and race, under Title VII, § 1981, FCRA, and interference with FMLA rights.

IS THIS CASE A CLASS ACTION LAWSUIT?

☐  Yes

☒  No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☒  No

☐  Yes   If "Yes", list all related cases by name, case number, and court.

_____

_____

_____

IS JURY TRIAL DEMANDED IN COMPLAINT?

☒  Yes

☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _/S/ Anthony M. Georges-Pierre_   Florida Bar # __0533637__
              Attorney or party                   (Bar # if attorney)

__9/6/2013__
_____      Date
(type or print name)

A TRUE COPY
CERTIFICATION ON LAST PAGE

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

MARIE ANDRE,

     Plaintiff,

vs.

ARMOR CORRECTIONAL HEALTH SERVICES, INC.,

     Defendant.

_____/

### COMPLAINT

**COMES NOW** Plaintiff, MARIE ANDRE ("Plaintiff"), by and through the undersigned

counsel, and hereby sues Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC.

("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to the Florida

This is an action for declaratory and injunctive relief and damages pursuant to the Civil Rights

Act of 1866, 42 U.S.C. §1981 ("§ 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e(k) ("Title VII"); and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760,

*et seq.* ("FCRA"), to redress injuries resulting from Defendant's unlawful, race- and nation-

origin-based discriminatory treatment of and retaliation against Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

3. Defendant is Florida Profit Corporation authorized to conduct business in the State of

Florida and having its main place of business in Miami-Dade County, Florida.

4. Venue is proper in Miami-Dade County because the Defendant corporation engages in

business within Miami-Dade County, Florida.



## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff is a Black female of Haitian national origin, within a class of individuals protected by Title VII, § 1981, and the FCRA.

6. On or about August 10, 2010, Defendant hired Plaintiff as a Licensed Practical Nurse at for its operations at the Broward County Main Jail, located at 555 S.E. 1st Ave., Ft. Lauderdale, Florida.

7. Defendant paid Plaintiff on an hourly rate.

8. Throughout employment with Defendant, beginning on or about June, 2011, Plaintiff was subjected to discriminatory treatment by the Charge Nurse on her shift, Franceen Walker. Ms. Walker is a woman of Jamaican national origin.

9. The Charge Nurse position is supervisory, and Plaintiff would report problems to Ms. Walker.

10. Ms. Walker discriminated on the basis of race and national origin, and would state "I don't like Haitians," and "Haitians are dumb." Ms. Walker addressed Plaintiff by asking, "Are you stupid?" and "Do you understand English?"

11. Ms. Walker treated Jamaicans more favorably than than non-Jamaicans, and gave them preference in work duties.

12. Plaintiff complained about the racial comments made by Ms. Walker to the Director of Nurses, Yusimir Arencibia.

13. Plaintiff made numerous complaints to the Director of Nurses, Yusimir Arencibia, but no actions were taken to address the problem.

14. On or about September 11, 2011, Plaintiff filed a grievance against Ms. Walker, and gave this to Ms. Arencibia.



15. Plaintiff went directly to the Health Services Administrator, Ms. Herrera, to complain about discriminatory treatment and about the fact that Ms. Arencibia did not address the problem.

16. After Plaintiff reported discriminatory treatment to Ms. Herrera, Plaintiff retaliated against by Ms. Arencibia.

17. Plaintiff was accused of wrongdoing, even when it was not her fault, or the claim was false, and despite the fact that Plaintiff performed her duties as required.

18. Plaintiff made attempts to get FMLA to care for her child. Plaintiff's child was suffering from asthma attacks, and needed care.

19. When Plaintiff first attempted to request leave, Plaintiff was met with difficulty. Ms. Arencibia first told Plaintiff that she did not know about FMLA.

20. On or about March 8, 2012, Plaintiff officially requested FMLA leave and was denied.

21. On or about March 9, 2012, Plaintiff contacted Natalie Hernandez, who told her that she could not get FMLA because Plaintiff would need to explain the duration of the time requested.

22. On or about August 9, 2012, Plaintiff was terminated from her position at Armor Correctional Health Services, Inc., in retaliation to her complaints of discrimination.

23. On or about April 4, 2012, Plaintiff timely filed a Charge of Discrimination (#510-2012-02938C) with the United States Equal Employment Opportunity Commission ("EEOC") through the Florida Commission on Human Relations.

24. On or about August 29, 2012, Plaintiff filed an Amended Charge of Discrimination (#846-2012-34524) with the United States Equal Employment Opportunity Commission ("EEOC") through the Florida Commission on Human Relations.[1]

---

[1] On or about June 25, 2013, Plaintiff faxed correspondence to the EEOC to determine status of the investigation. The matter has since long passed the EEOC timeline for 180 days until the issue of a "Notice of Suit Rights."

A TRUE COPY ON LAST PAGE
CERTIFICATION ON LAST PAGE

25. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

**COUNT I**

*Race Discrimination in Violation of 42 U.S.C. § 1981*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

27. Plaintiff is a member of a protected class under § 1981.

28. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

29. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

30. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

31. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

32. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

33. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

34. The conduct of Defendant, by and through the conduct of its agents, employees, and/or

A TRUE COPY ON LAST PAGE CERTIFICATION

representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

35. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

36. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

37. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

 a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

 b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

 c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

 d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

A TRUE COPY ON LAST PAGE
CERTIFICATION ON LAST PAGE

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *National Origin Discrimination in Violation of 42 U.S.C. § 1981*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

39. Plaintiff is a member of a protected class under § 1981.

40. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

41. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Haitian.

42. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

43. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

44. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and

A TRUE COPY CERTIFICATION ON LAST PAGE

damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

49. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    g. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    h. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    i. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    j. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the

A TRUE COPY
CERTIFICATION ON LAST PAGE

full benefits Plaintiff would have had Plaintiff not been discriminated against by
Defendant, or in lieu of reinstatement, award front pay;

k.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;
and

l.  Grant Plaintiff such additional relief as the Court deems just and proper under the
circumstances.

## COUNT III
### *Retaliation in Violation of 42 U.S.C. § 1981*

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this
complaint as if set out in full herein.

51. Plaintiff is a member of a protected class under § 1981.

52. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights
protected under § 1981.

53. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's
protected rights. Defendant and its supervisory personnel were aware that discrimination on the
basis of race and national origin was unlawful but acted in reckless disregard of the law.

54. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,
has been exposed to ridicule and embarrassment, and has suffered emotional distress and
damage.

55. The conduct of Defendant, by and through the conduct of its agents, employees, and/or
representatives, and the Defendant's failure to make prompt remedial action to prevent continued
discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

56. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and
with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling

A TRUE COPY
CERTIFICATION ON LAST PAGE

Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

57. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

58. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.


A TRUE COPY ON LAST PAGE
CERTIFICATION ON LAST PAGE

## COUNT IV
### *Race Discrimination in Violation of Title VII*

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

60. Plaintiff is a member of a protected class under Title VII.

61. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

62. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

63. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

64. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

65. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

66. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

67. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

68. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and

A TRUE COPY ON LAST PAGE
CERTIFICATION

with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

69. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

A TRUE COPY
CERTIFICATION ON LAST PAGE

70. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

71. Plaintiff is a member of a protected class under Title VII.

72. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

73. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Haitian.

74. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

75. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

76. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

77. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

78. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

79. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

80. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

g. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

h. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

k. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

l. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

A TRUE COPY ON LAST PAGE
CERTIFICATION ON LAST PAGE

## COUNT VI
### *Retaliation in Violation of Title VII*

81. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

82. Plaintiff is a member of a protected class under Title VII.

83. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under Title VII.

84. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and national origin was unlawful but acted in reckless disregard of the law.

85. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

86. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

87. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

88. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A TRUE COPY
CERTIFICATION ON LAST PAGE

a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VI
### *Race Discrimination in Violation of the FCRA*

89. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

90. Plaintiff is a member of a protected class under the FCRA.

91. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

92. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

A TRUE COPY ON LAST PAGE
CERTIFICATION ON LAST PAGE

93. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

94. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

95. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

96. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

97. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

98. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

99. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully,

A TRUE COPY
CERTIFICATION ON LAST PAGE

intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VIII
### *National Origin Discrimination in Violation of the FCRA*

100. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

101. Plaintiff is a member of a protected class under the FCRA.

102. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

103. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Haitian.

104. Defendant's conduct complained of herein was willful and in disregard of

A TRUE COPY
CERTIFICATION ON LAST PAGE

Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

105. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

106. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

107. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

108. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

109. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

110. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this

A TRUE COPY CERTIFICATION

Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

g.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

h.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

k.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

l.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IX
### *Retaliation in Violation of the FCRA*

111.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

112.    Plaintiff is a member of a protected class under the FCRA.

113.    By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

114.    Defendant's conduct complained of herein was willful and in disregard of

A TRUE COPY
CERTIFICATION ON LAST PAGE

Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and national origin was unlawful but acted in reckless disregard of the law.

115.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

116.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

117.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

118.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the

A TRUE COPY
CERTIFICATION ON LAST PAGE

unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT X
### *Interference with FMLA Rights*

119.     Plaintiff readopts and realleges all of the allegations contained in paragraphs 1-25 above, as fully set forth herein.

120.     Plaintiff is an individual entitled to protection under the FMLA.

121.     Plaintiff is an employee within the meaning of the FMLA.

122.     Plaintiff's child suffered from a serious health condition within the meaning of the FMLA, and entitled Plaintiff to exercise FMLA rights.

123.     Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

124.     Defendant's actions constitute violations of the FMLA.

125.     As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully,

A TRUE COPY
CERTIFICATION ON LAST PAGE

intentionally and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 9-6-13

Respectfully submitted,

/s/ Anthony M. Georges-Pierre

Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 533637

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000

STATE OF FLORIDA, COUNTY OF MIAMI-DADE

I hereby certify that the foregoing is a true and correct copy of the original on file in this office _____ AD NOV 1 8 2013

HARVEY RUVIN, CLERK
Circuit and County Courts        (SEAL)

Deputy Clerk Robbie Duggan 209220