UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62587-CIV-DIMITROULEAS

MARIE ANDRE,

     Plaintiff,

vs.

ARMOR CORRECTIONAL HEALTH
SERVICES, INC.,

     Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss [DE 4], filed herein on November 27, 2013.   The Court has carefully considered the Motion [DE 4] and the Response [DE 7], notes that Defendant did not file a reply, and is otherwise fully advised in the premises.

Defendant argues that Plaintiff failed to satisfy the conditions precedent to filing a claim under Title VII of the Civil Rights Act of 1964.   Specifically, Defendant asserts that Plaintiff did not attach a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") or allege that she requested such a letter.

The Court finds that dismissal is not warranted.   Plaintiff filed an Amended Charge of Discrimination with the EEOC (the "Amended Charge") on August 29, 2012.   *See* [DE 1-2 ¶ 24]. Plaintiff followed up with the EEOC on or about June 25, 2013, three hundred and one (301) days after she filed the Amended Charge.   *See* [DE 1-2 ¶ 24 n.1].   Plaintiff subsequently initiated this action in state court on November 26, 2013, four hundred and fifty-five days (455) after she filed the Amended Charge.   *See* [DE 1-2].   Plaintiff once again followed up with the EEOC on December 11, 2013, and received an indication that a right-to-sue would be forthcoming.   *See* [DE

7-1 at 2].

In light of these facts, the Court finds no basis to dismiss this action. Before filing a civil action under Title VII, a Plaintiff must file a charge with the EEOC and then receive a right-to-sue letter from the EEOC. *Ramsay v. Broward Cnty Sheriff's Office*, No. 05–61959–CIV, 2007 WL 6861073, at *5-6 (S.D. Fla. May 24, 2007). "If after 180 days of the filing date, the charge has not been dismissed and the EEOC has not taken any other action, the EEOC is required to notify the claimant and the claimant may bring suit in district court 90 days thereafter." *Id.* at *6. In any case, "receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit, but rather, is a statutory precondition which is subject to equitable modification." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1569-70 (11th Cir. 1996).

Here, Plaintiff has demonstrated a good faith attempt to abide by the statutory preconditions. She pursued remedies with the EEOC, waited over two hundred seventy days (270) to file her state court action, and followed up with the EEOC to obtain a right-to-sue letter. Even if Plaintiff had not fully complied with the preconditions, equitable tolling would be appropriate in these circumstances, where any procedural anomalies cannot fairly be attributed to Plaintiff. Finally, given that the EEOC has had substantial time to investigate Plaintiff's claims and has communicated that a right-to-sue letter is forthcoming, the Court finds that it would not in any way frustrate the policy underlying the statutory preconditions if Plaintiff's suit proceeds. *See Ramsay*, 2007 WL 6861073, at *6 ("The purpose of the exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" (quoting *Gregory v. Georgia Dept. of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004))).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Motion [DE 4] is hereby **DENIED**; and

2.      Defendant shall answer the complaint on or before March 20, 2014.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this

6th day of March, 2014

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record